UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHARLES YOUNG, JR.                           CIVIL ACTION NO. 15-cv-2621

VERSUS                                       JUDGE HICKS

STEVE PRATOR, ET AL                          MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Charles Young ("Plaintiff") is a former inmate at the Caddo Correctional Center ("CCC") who filed this civil action against Deputy William Worden and Sheriff Steve Prator. Plaintiff alleges that he does not have a knee on his right leg; it was surgically removed before his arrest. Plaintiff alleges that medical staff documented that fact, but Deputy Worden nonetheless assigned Plaintiff to a top bunk, which led to a fall and injury. Plaintiff seeks $100,000 in damages.

Before the court is a Motion for Summary Judgment (Doc. 16) in which Prator and Worden attack the merits of the complaint and argue that it should be dismissed because Plaintiff did not exhaust his administrative remedies before he filed suit. Plaintiff, who was released from custody after he filed suit, did not file any opposition to the motion. For the reasons that follow, it is recommended that the motion be granted.

**Background Facts**

Plaintiff alleges that medical staff screened him upon his arrival at the jail and documented that his knee had been surgically removed from his right leg. Plaintiff states that he is unable to perform even menial tasks due to that condition, but Deputy Worden nonetheless assigned him to the top bunk in cell number five. Plaintiff claims that he was attempting to get into his bunk, with no available steps or ladder, when he fell and hit the corner of his eye. He says he received a contusion and laceration, and he had to be rushed to the hospital.

Defendants respond with sworn statements and other evidence. That evidence indicates that the medical staff did note, when Plaintiff was booked on September 10, 2015, that Plaintiff had a knee replacement and that a lower tier bunk restriction should be used. But the nurse who prepared the paperwork apparently did not submit the form to the classification office or housing unit or otherwise follow the procedures necessary to communicate that need to persons such as Deputy Worden. Deputy Worden states that he was not made aware of any such restriction by medical staff or Plaintiff and, if an inmate had asked for such a medical accommodation, he would have checked the appropriate records and confirmed with medical staff.

An incident report from October 9, 2015 indicates that Plaintiff pressed the call button on his cell, and a deputy reported and observed a small cut approximately one inch from Plaintiff's right eye. Plaintiff told the deputy that he slipped in his cell and hit his head on

the bed.  He was taken to the medical department and treated.  Nurse Sheila Wright testifies that Plaintiff had a small laceration to his right eyebrow that was repaired with sutures at the jail.  There was no need for an emergency room follow-up.  Plaintiff was prescribed Ibuprofen or acetaminophen for pain.

**Exhaustion of Administrative Remedies**

Defendants make a compelling argument that the complaint lacks underlying merit, but the merits need not be reached if Defendants are correct that Plaintiff did not exhaust his administrative remedies before he filed suit.  The defense is based on the provision in 42 U.S.C. § 1997e(a) that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The statute requires proper exhaustion in accordance with prison or jail procedures.  Woodford v. Ngo, 126 S.Ct. 2378 (2006).

Sgt. Tommy Englade testifies that he is the grievance sergeant.  Each inmate, on booking, is given a copy of an administrative remedy procedure and signs an acknowledgment indicating that he received an explanation of it.  Englade attaches a copy of such an acknowledgment that was signed by Plaintiff on September 10, 2015, just weeks before his October 9, 2015 accident. (Plaintiff alleges in his complaint that he fell on September 12, 2015, but all of the summary judgment evidence indicate the fall was on

October 9.)  The grievance procedure requires the filing of a grievance within 30 days of an alleged incident and allows three steps of review.

Plaintiff acknowledged in his judicial complaint that there was a grievance procedure at his institution and that he did not file a grievance.  He said that he did not do so because, "Grievance is now more than 5 days old."  The CCC procedure, however, allowed 30 days from the incident to file a grievance.  Sgt. Englade testifies that Plaintiff did not file a grievance in relation to the October 9, 2015 incident, nor did he file a grievance of any kind while he was housed at the trial.

Plaintiff signed his complaint in this case on October 28, 2015, which was less than 30 days after his fall.  He could have filed an administrative grievance at CCC at that time but, for whatever reason, he did not do so.  His reasoning that more than five days had passed makes no sense and is not a valid excuse.  All of the summary judgment evidence indicates that Plaintiff failed to exhaust his administrative remedies in accordance with jail procedure before he filed this suit.  Defendants have, therefore, prevailed on their exhaustion defense and are entitled to summary judgment.  The dismissal should be with prejudice to refiling the complaint as a pauper, considering the heavy burden  that unexhausted prisoner complaints place on the courts and society.  See Fitch v. LA Dept of Pub. Safety & Corr., 2009 WL 1076749, *3 (W.D. La. 2009).

Accordingly,

**IT IS RECOMMENDED** that Defendants' **Motion for Summary Judgment (Doc. 16)** be **granted** and that all claims against all Defendants be **dismissed with prejudice** to refiling the complaint as a pauper.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of April, 2017.

Mark L. Hornsby
U.S. Magistrate Judge